1  Ahren A. Tiller Esq. [SBN: 250608]
   BLC Law Center, APC
2  1230 Columbia St., Ste 1100
   San Diego, CA 92101
3  Phone: (619) 894-8831
   Facsimile: (866) 444-7026
4  Email: Ahren.Tiller@blc-sd.com

5  Attorneys for Plaintiff
   JANE DUFF

6

7

8                     **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10                                          Case No.:  **'23 CV 0390 BTM BGS**

11

12  JANE DUFF,                              **COMPLAINT FOR DAMAGES
                                            FOR (1) VIOLATIONS OF THE**
                 Plaintiff,                 **ROSENTHAL FAIR DEBT**
13                                          **COLLECTION PRACTICES ACT
                                            (CAL. CIV. CODE §§ 1788-1778.32);**
       vs.                                  **AND (2) VIOLATIONS OF THE**
14                                          **TELEPHONE CONSUMER**
                                            **PROTECTION ACT (47 U.S.C.**
15  COMENITY BANK                           **§227)**

16               Defendant,

17

18                                          **JURY TRIAL DEMANDED**

19

20                         **COMPLAINT FOR DAMAGES**

21                              **INTRODUCTION**

22  1. JANE DUFF (hereinafter referred to as "Plaintiff"), by and through her Counsel of

23     record, brings this action against COMENITY BANK (hereinafter referred to as

24     "COMENITY" or "Defendant"), pertaining to actions by Defendant to unlawfully

25     collect a debt allegedly owed by Plaintiff, including but not limited to, collection

26     via the use of an Automated Telephone Dialing System ("ATDS") and/or

27     Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection

28     Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection

1  Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading

2  Plaintiff's privacy, and causing Plaintiff damages.

3  2.  The California legislature determined that unfair or deceptive collection practices

4  undermine the public confidence which is essential to the continued functioning of

5  the banking and credit system.  The legislature further determined there is a need

6  to ensure that debt collectors and debtors exercise their responsibilities to one

7  another with fairness, honesty, and due regard for the rights of others.  The

8  legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection

9  Practices Act of California (hereinafter "RFDCPA") was to prohibit debt

10  collectors from engaging in unfair or deceptive acts or practices in the collection

11  of consumer debts and to require debtors to act fairly in entering into and honoring

12  such debts.[1]  Cal. Civ. Code § 1877.17 incorporates the FDCPA into the

13  RFDCPA, by stating that every debt collector collecting or attempting to collect a

14  consumer debt shall comply with the provisions of the Federal Fair Debt

15  Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be

16  subject to the remedies in Section 1692k of, Title 15 of the United States Code.

17  3.  The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA")

18  was designed to prevent calls like the ones described within this complaint, and to

19  protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints

20  about abuses of telephone technology – for example, computerized calls

21  dispatched to private homes – prompted Congress to pass the TCPA." *Mims v.*

22  *Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

23  4.  In enacting the TCPA, Congress specifically found that "the evidence presented to

24  Congress indicates that automated or prerecorded calls are a nuisance and an

25  invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also,

26  *Mims,* 132 S. Ct., at 744.

27

28

---

[1] CA Civil Code §§ 1788.1(a)-(b)

*Duff v. Comenity Bank - Complaint for Damages*

5.  As the Ninth Circuit stated in *Henderson v. United Student Aid Funds, Inc.*:

> Under the TCPA, it is unlawful to "to make any call (other than . . . with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). Telemarketers, debt collectors, and others obtain phone numbers consumers did not consent to be called on through skip tracing. Because consumers did not provide … "prior express consent" to be called on those numbers. Therefore, if the numbers were also auto dialed, the calls violated the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).

> *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1071-72 (9th Cir. 2019).

6.  Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

7.  This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*

8.  This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9.  The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendant regularly conducts business within State of California, County of San

*Duff v. Comenity Bank - Complaint for Damages*

Diego, and Plaintiff resides in San Diego County, California.

**PARTIES**

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. Defendant COMENITY is a Delaware-chartered bank operating as a Competitive Equality Banking Act ("CEBA") credit card bank, whose headquarters is located in Columbus, OH.

15. Defendant COMENITY is limited by its status as a CEBA credit card bank to engaging only in credit card operations, and does not accept demand deposits, and does not engage in any commercial lending.

16. Defendant COMENITY regularly attempts to collect using mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

17. When individuals owe Defendant COMENITY debts for regular monthly payments on consumer credit cards, oans, and other similar obligations, Defendant COMENITY collects on those consumer debts owed to it through the mail, electronic communications, and via the telephone.  Therefore, Defendant COMENITY is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18. Defendant is, and all times mentioned herein, was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

19. When individuals owe COMENITY debts for regular monthly payments on

consumer loans, and other similar obligations, COMENITY collects on those consumer debts owed to it using the mail, electronic communications, and the via the telephone.  Therefore, COMENITY is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

20. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

21. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

22. Defendant is, and all times mentioned herein, was a corporation and "person," as that term is defined by 47 U.S.C. § 153(39).

23. This case involves money, property, or their equivalent, due or owing, or alleged to be due or owing from a natural person by reason of a "consumer credit transaction."  Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

24. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

25. On or about November 25, 2021, Defendant issued an unsecured consumer Torrid-store retail credit card to Plaintiff ("COMENITY Card").  The COMENITY Card was taken out for, and used for, personal and household expenses.

26. Plaintiff made payments toward her COMENITY Card when she took it out and continued making regular monthly payments and maintained good standing on her COMENITY Card until approximately June of 2022, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

27. Upon going into default on her COMENITY Card, agents for COMENITY called Plaintiff multiple times and requested payment using an ATDS and/or a Recorded Voice, often as many as twice per day, sometimes every day.

28. The collection calls were made to Plaintiff's cellular telephone.

29. Plaintiff sought out and retained an attorney to represent her with regards to the loan allegedly owed to COMENITY.

30. On October 18, 2022, an associate attorney at BLC Law Center, APC drafted and submitted for mailing a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that COMENITY needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). The Letter referenced the last four digits of Plaintiff's social security number next to her name to help COMENITY identify the Plaintiff's account.

31. The Letter informed COMENITY that Plaintiff was represented by Counsel and thus constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

32. The October 18, 2022 Letter was sent via Docsmit. Docsmit is a third-party

*Duff v. Comenity Bank - Complaint for Damages*

company with no relation to Plaintiff or her Counsel.  Docsmit's sole business is the sending of mail on behalf of customers.  Docsmit provides a certificate of mailing and identifies the exact time a letter was sent.

33.  Docsmit sent two (2) copies of the October 25, 2022 Letter to the following addresses for Defendant located at:

> Comenity Bank
> P.O. Box 182273
> Columbus, OH 43218

> and

> Comenity Bank
> PO Box 183003
> Columbus, OH 43218

34.  The October 18, 2022 Letter was submitted by Plaintiff's Counsel to Docsmit on October 18, 2022, at 07:25 PM EDT.

35.  Docsmit's certificate of mailing reflects that Docsmit sent the Letter via USPS First Class mail on October 19, 2022, 12:00 AM. Included with the certification of mailing, Docsmit stated:

> "*The information herein is certified by Docsmit.com, Inc. ("Docsmit") to be true and accurate as of the date and time this report was generated. All of the records relating to this communication were made at times proximate to those indicated. Docsmit has not permitted any of the parties hereto to modify the records*."

36.  The address the October 18, 2022 Letter was sent to is the address for correspondences for loan accounts identified on COMENITY's website.

37.  COMENITY received the October 18, 2022 Letter.

38.  However, despite receipt of the October 18, 2022 Letter referenced above which states that Plaintiff had revoked consent to be called via an ATDS and had retained counsel regarding the subject debts, representatives of COMENITY have continued to call Plaintiff more than one-hundred and twenty (120) times since October 18, 2022, on her cellular telephone via the use of and ATDS and/or Pre-Recorded Voice messages.

39.  Defendant has called Plaintiff over one-hundred and twenty (120) times in total,

after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to COMENITY, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the California Rosenthal Fair Debt Collections Practices Act.

40. Plaintiff alleges that COMENITY called Plaintiff in excess of one-hundred and twenty (120) times total, more than 2-3 times in a single day, and often more than seven (7) times per week, based on her recollection of the frequency of calls, as well as the records of calls that she has in her possession.

41. COMENITY, or its agents or representatives, have contacted Plaintiff on her cellular telephone over one-hundred and twenty (120) times since October 18, 2022, including using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

42. Furthermore, many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

43. The pre-recorded voice messages left for Plaintiff stated:

> *This is a message from Comenity Bank. Please make it a priroity to return this call today regarding a matter of personal importance at (800) 695-1063. Again that number is (800) 695-1063.*

44. The multiple calls made by Defendant or its agents after October 18, 2022, were therefore made in violation of 47 U.S.C. § 227(b)(1).

45. Despite receipt of Plaintiff's Attorney's Letter sent to Defendant's mailing address, instructing Defendant to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, which provided irrefutable notice that Plaintiff had revoked consent to call her cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant COMENITY continues to contact Plaintiff repeatedly to date.

///

*Duff v. Comenity Bank - Complaint for Damages*

1

**CAUSES OF ACTION**

2

**I.**

3

**FIRST CAUSE OF ACTION**

4

**Violations of California Rosenthal Fair Debt Collection Practices Act**

5

**(California Civil Code § 1788.14(c))**

6    46. Plaintiff realleges and incorporates by reference all preceding paragraphs,

7    inclusive, as if fully set forth herein.

8    47. When Plaintiff's Counsel sent the October 18, 2022 cease-and-desist Letter to

9    COMENITY, Defendant COMENITY was aware, or reasonably should have

10    been aware, that Plaintiff was represented by an attorney.

11    48. Cal. Civ. Code §1788.14(c) provides in relevant part,

12    No debt collector shall collect or attempt to collect a consumer debt
      by means of the following practices:

13

14    (c) Initiating communications, other than statements of account,
      with the debtor with regard to the consumer debt, when the debt
      collector has been previously notified in writing by the debtor's

15    attorney that the debtor is represented by such attorney with respect
      to the consumer debt and such notice includes the attorney's name

16    and address and a request by such attorney that all communications
      regarding the consumer debt be addressed to such attorney, unless

17    the attorney fails to answer correspondence, return telephone calls,
      or discuss the obligation in question.   This subdivision shall not

18    apply where prior approval has been obtained from the debtor's
      attorney, or where the communication is a response in the ordinary

19    course of business to a debtor's inquiry.

20    49. By calling Plaintiff on her cellular phone over one-hundred and twenty (120)

21    times and sending her automated collection text messages and emails after

22    receipt of the October 18, 2022 Letter from Plaintiff's Counsel, COMENITY

23    violated Cal. Civ. Code §1788.14(c).

24    50. As a result of the constant collection calls, texts, and e-mails by COMENITY,

25    Plaintiff has experienced anxiety and irritability, as the constant and harassing

26    collection calls by COMENITY are overwhelming.  Therefore, Plaintiff has

27    suffered actual damages as a result of Defendant's violations of Cal. Civ. Code

28    §1788.14(c).

*Duff v. Comenity Bank - Complaint for Damages*

51. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

52.  15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

53. The Consumer Financial Protection Bureau's Regulation F, which provides a ruling on § 1692(d) states the following:

> …a debt collector is presumed to violate this prohibition if the debt collector places telephone calls to a person in connection with the collection of a particular debt more than seven times within a seven-day period…

54. Therefore, Defendant's acts of calling and/or texting Plaintiff over one-hundred and twenty (120) times, multiple times per day, often in excess of seven (7) times per week, was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

## II.

## SECOND CAUSE OF ACTION

### Negligent Violations of the TCPA

### (47 U.S.C. § 227 *et. seq.*)

55. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

56. Through the October 18, 2022 Letter sent by Plaintiff's Counsel, Plaintiff revoked any alleged consent for COMENITY or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice, or by text message.

*Duff v. Comenity Bank - Complaint for Damages*

57. The foregoing acts and omissions of COMENITY constitutes numerous and multiple negligent violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

58. As a result of COMENITY's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

### III.
### THIRD CAUSE OF ACTION
### Knowing and/or Willful Violations of the TCPA
### (47 U.S.C. § 227 *et. seq.*)

60. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

61. Through the October 18, 2022 Letter sent by Plaintiff's Counsel to COMENITY's corporate headquarters, Plaintiff revoked any alleged consent for the COMENITY or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice, or by text message.

62. The foregoing acts of COMENITY constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

63. Therefore, since COMENITY or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff, and after being indisputably informed that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, COMENITY's acts were willful.

64. As a result of COMENITY's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for every one of COMENITY's over one-hundred and twenty (120) knowing

*Duff v. Comenity Bank - Complaint for Damages*

1   and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

2   65. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in

3   the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

4   **<u>PRAYER FOR RELIEF</u>**

5   WHEREFORE, Plaintiff having set forth the claims for relief against

6   Defendant COMENITY BANK herein, respectfully request this Court enter a

7   Judgment against Defendant as follows:

8   a.  As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ.

9   Code §1788.30(a) according to proof.

10  b.  As to the First Cause of Action, an award of statutory damages of $1,000.00

11  pursuant to Cal. Civ. Code §1788.30(b).

12  c.  As to the First Cause of Action, an award of reasonable attorney's fees and costs

13  pursuant to Cal. Civ. Code §1788.30(c).

14  d.  As to the Second Cause of Action, $500 in statutory damages for each and every

15  one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47

16  U.S.C. § 227(b)(3)(B).

17  e.  As to the Second Cause of Action, injunctive relief prohibiting such conduct in the

18  future pursuant to 47 U.S.C. § 227(b)(3)(A);

19  f.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and

20  every one of Defendant's knowing and/or willful violations of 47 U.S.C. §

21  227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

22  g.  For such other and further relief as the Court may deem just and proper.

23  Dated: March 1, 2023      ,          By:   BLC Law Center, APC

24

25  *s/ Ahren A. Tiller*
    Email: ahren.tiller@blc-sd.com

26  Ahren A. Tiller, Esq.
    Attorney for Plaintiff

27

28

*Duff v. Comenity Bank - Complaint for Damages*

1

## **DEMAND FOR JURY TRIAL**

2     Pursuant to the Seventh Amendment to the Constitution of the United States of

3 America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a

4 jury.

5

6 Dated: March 1, 2023                    By:    BLC Law Center, APC

7                                               *s/ Ahren A. Tiller*
                                                 Email: ahren.tiller@blc-sd.com
8
                                                 Ahren A. Tiller, Esq.
9                                               Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Duff v. Comenity Bank - Complaint for Damages*